**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TRAVIS LARIMER, | No. 09-55162 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02569-VAP-AN |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

California state prisoner Travis Rex Larimer ("Larimer") appeals the district

court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

—————————

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo a district court's denial of a petition for habeas corpus brought by a state prisoner. *Hurles v. Ryan*, 650 F.3d 1301, 1308–09 (9th Cir. 2011). In order to grant Larimer's petition, we must find that the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the state court's conclusions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because the parties are familiar with the factual and procedural history of the case, we do not recount it in detail here.

As the State concedes, the use of Larimer's post-*Miranda* silence at trial violated *Doyle v. Ohio*, 426 U.S. 610, 619 (1976) (holding that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment"). Larimer contends that the *Doyle* error in this case was prejudicial and requires us to grant his petition. We conclude that the error was harmless given our review of the record as a whole and the "certainly weighty" evidence of Larimer's guilt. *Brecht v. Abrahamson*, 507 U.S. 619, 637–39 (1993) (applying

harmless error standard which asks whether *Doyle* error "had substantial and injurious effect or influence in determining the jury's verdict").

Larimer next contends that his trial counsel rendered ineffective assistance of counsel ("IAC"), in violation of the Sixth Amendment by: (1) failing to object to expert gang opinion testimony; (2) failing to object to testimony concerning Larimer's prior misdemeanor offenses for weapons possession and reckless driving; and (3) failing to invoke the attorney-client privilege to prevent co-defendant's counsel from examining Larimer about whether his testimony was scripted. To prove IAC, Larimer must show both that: (1) the assistance was so defective as to fall below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We conclude that Larimer has not met his burden. First, any failure to object to opinion testimony relating to gang membership was an objectively reasonable tactical decision given the expertise of the witness. *See id.* at 689 (explaining the strong presumption that challenged actions were sound trial strategy and that counsel's tactical decisions are given "wide latitude"). Second, counsel made a tactical decision to introduce evidence of Larimer's prior weapons possession offense and objected to the use of Larimer's reckless driving offense, and therefore was not deficient. *See id.* Third, counsel's failure to interpose an

-3-

attorney-client privilege objection to the question whether Larimer's testimony was scripted could be understood as an objectively reasonable tactical decision. *See id.* Even if counsel's failure to object could be shown to be unreasonable, the error was not prejudicial. *See id.* at 687. The state court's denial of Larimer's petition on his IAC claims was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

Larimer has not shown entitlement to an evidentiary hearing based on his IAC claim that his counsel failed to object to questions regarding whether his attorney scripted his testimony. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Given the state court record, the district court was not obligated to conduct an evidentiary hearing as the "record refutes [Larimer's] factual allegations or otherwise precludes habeas relief." *Id.*; *see also Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

Larimer's last contention is that the cumulative effect of errors in his case prejudiced his right to a fair trial and warrants the granting of his petition. We disagree. Because we find only one harmless error in this case, "there is nothing to accumulate to a level of a constitutional violation." *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

**AFFIRMED.**